NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-504-JBC

DAVID J. JACKSON                                                                                   PLAINTIFF

VS:                        **MEMORANDUM OPINION AND ORDER**

SGT. ANDERSON                                                                                 DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

David J. Jackson, who is incarcerated in the Fayette County Detention Center in Lexington, Kentucky, has submitted a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, a motion for appointment of counsel, and a motion to proceed *in forma pauperis*. The financial matter will be addressed in a separate order.

The complaint is now before the court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under § 1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

ALLEGATIONS AND CLAIMS

The plaintiff's pleadings are on forms which he has evidently obtained from

other inmates and then redacted and otherwise adapted for his use. He has named one of his current jailers as the defendant, also describing Anderson as the intake triage officer at the jail. In the section of the complaint form asking for the relevant facts, Plaintiff Jackson has written the following:

> He Broke my colloer Bone
> I want my Bills payed
> An my trouBed pay

Record No. 1 at 7.

As to the jail's administrative remedies, the plaintiff has checked that there is a grievance procedure at the jail but then has written that "they would not let me file the grievance." He left blank the remaining nine questions about the jail's grievance procedures, except one. To the question asking if he appealed "to a higher official or to the jailer," the plaintiff has checked "yes." Finally, in the relief portion of the complaint form, the plaintiff has written that he seeks $50,000 in damages and another $50,000 in punitive damages.

Attached to the complaint is an August 30, 2005 memorandum to the plaintiff from an official in the local government's Division of Community Corrections. This official has written, "After reviewing your appeal and your history, I have decided to deny your appeal. You may write Classification and request to be put on a contract."

## DISCUSSION

The plaintiff fails to provide enough information for his claim to go any further. This is fatal with regard to two different matters. First, for the facts underlying his

claim against Defendant Anderson, he does not relate how, when, where, or under what circumstances the defendant broke his collar bone. The plaintiff also fails to give any facts for the court to conclude that he tried and exhausted the administrative remedies available to him.

A *pro se* pleading is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Burton v. Jones*, 321 F.3d 569 (6th Cir.2003).

The leniency granted to *pro se* litigants, however, is not boundless. *Pro se* plaintiffs are treated to less stringent standards, but "they are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). Traditionally the "leniency standard" has still required basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). "Liberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir.2001).

Under these standards, the court concludes that the pleadings in this case have not set forth the factual or constitutional basis of the plaintiff's claim in a manner that gives the defendant proper notice and does not require either the defendant or this court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d at 594. "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they

3

existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).

Similarly, the plaintiff has not provided sufficient facts for the Court to conclude that he fulfilled – or that he even tried to fulfill – the prerequisite to a prisoner's filing a lawsuit, *i.e.*, the exhaustion of available administrative remedies. 42 U.S.C. § 1997e(a). The plaintiff has failed to present what remedies were available administratively and who, when, where, and how he pursued them. The Sixth Circuit has consistently insisted on a clear demonstration of compliance with the statute at the time of filing: a plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of § 1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

Consistent with these standards, the court will dismiss the instant cause of action, but the dismissal will be without prejudice to the plaintiff's right to bring another lawsuit with proper supporting factual allegations as to the occurrence giving rise to his filing a complaint and his use of administrative remedies after the occurrence. Since this case will be closed for these reasons, the plaintiff is not

entitled to continue in a lost cause with appointed counsel. Accordingly,

**IT IS ORDERED** as follows:

(1)   Plaintiff's motion for appointment of counsel [Record No. 3] is **DENIED**;

(2)   the action herein will be **DISMISSED WITHOUT PREJUDICE** from the docket of the court, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the defendant.

Signed on December 18, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5